R. HENRY BRANOM JR.
Assistant Federal Defender
Federal Defenders of Montana
Great Falls Office
104 2nd Street South, Suite 301
Great Falls, MT 59401
hank_branom@fd.org
Phone:  (406) 727-5328
Fax:  (406) 727-4329
    Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS MONTANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MYCHAL THOMAS DAMON,<br><br>Defendant. | Case No. CR 19-45-GF-BMM<br><br>**MEMORANDUM IN AID OF SENTENCING**<br><br>[SENTENCING DATE:  JUNE 18, 2020] |

    COMES NOW, Defendant, Mychal Thomas Damon, by and through Counsel of record R. Henry Branom Jr., Assistant Federal Defender and the Federal Defenders of Montana, and hereby submits this Memorandum in Aid of Sentencing.

## 1. Introduction

Mr. Damon entered a guilty plea to felony child abuse, in violation of MCA §45-5-212(1) and 18 U.S.C. §§ 1153(b) as charged in the Superseding Information in this matter. The plea agreement of the parties is under consideration by the Court. Mr. Damon objects to the advisory guideline range contained in ¶¶ 24-33 of the Pre-sentence Report (PSR). Mr. Damon submits that a sentence of time served will comport with 18 U.S.C. § 3553(a).

## 2. The Sentencing Mandate

As the Court is well versed in the case law governing sentencing, the defendant will not address it here. The overarching sentencing mandate of the congressional command is that the Court "shall" impose a sentence that is sufficient "to comply with the purposes set forth" in the Sentencing Reform Act. Those purposes, discussed more fully below, suggest that a sentence of time served will comport with 18 U.S.C. § 3553(a).

### A. Reflect Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment

Mr. Damon recognizes the seriousness of the offense of conviction. The offense conduct occurred while Mr. Damon was under the influence of alcohol. He is truly remorseful and ashamed of his conduct. The plea agreement of the parties calls for a sentence of time served, which is 324 days. Such a sentence is within the advisory guideline range as calculated by the defense. A sentence of time served

will properly reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense.

### B.     Deterrence

Mr. Damon can be deterred. He needs treatment for his substance abuse. The Veteran's Court program and other resources will assist in addressing the issues underlying Mr. Damon's conduct.

### C.     Protect the Public from Further Crimes of the Defendant

The public can be protected from further crimes by Mr. Damon. The most effective manner in which to protect the public is for Mr. Damon to receive effective treatment. Mr. Damon will not be a danger to the public, which will be protected by a sentence of time served coupled with successful completion of the Veteran's Treatment Court.

### D.     Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Mr. Damon is a veteran of the United States Army. He also served as a Fort Peck Tribal Police Officer. Sadly that service has had a negative impact on Mr. Damon, as revealed in the PSR ¶ 54. He suffers from PTSD and has exacerbated that with substance abuse. A sentence which prioritizes treatment over custody is one which will further the § 3553 factors in this unique case.

3. **Objection**

Mr. Damon objects to the advisory guideline range contained in ¶¶ 24-33 of the PSR. The proper cross reference should be to Section 2A2.2, Aggravated Assault. This is the section used by the Probation office in other cases with the same state statute, including *United States v. James Garcia*, CR 19-07-GF-BMM. In this case Section 2A2.2 would result in an advisory guideline range of 10-16 months.

Section 2A2.2 is the proper cross reference. The statutes for Section 2A3.1 require as an element an intent to "abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person" 18 U.S.C. § 2246(2) and (3). The record before the Court contains no evidence of any such intent by Mr. Damon.

4. **Conclusion**

No § 3553 factor will be furthered by a sentence in excess of time served coupled with successful completion of the Veterans Court treatment program.

WHEREFORE, for the foregoing reasons a sentence of time served comports with 18 U.S.C. § 3553 for a person with Mr. Damon's history and characteristics.

RESPECTFULLY SUBMITTED this 9th day of June, 2020.

/s/ R. Henry Branom Jr.

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on June 9, 2020, a copy of the foregoing document was served on the following persons by the following means:

 1, 2 __ CM-ECF
 _____ Hand Delivery
 3 ____ Mail
 _____ Overnight Delivery Service
 _____ Fax
 4 ____ E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. CASSADY A. ADAMS
   LORI SUEK
   Assistant United States Attorneys
   Counsel for the United States of America

3. MYCHAL THOMAS DAMON
   Defendant

4. ANDREA L. HEDGES
   United States Probation Officer

/s/ R. Henry Branom Jr.